JUDGE ABRAMS

Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

**13 CV 7514**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    2013 Civ.
ACE EUROPEAN GROUP LIMITED a/s/o UTECO
CONVERTING S.P.A.,

      Plaintiff,

  - against –

MEDITERRANEAN SHIPPING COMPANY S.A.
and PORTS AMERICA,

      Defendants.
------------------------------------------------------------X

**COMPLAINT**



RECEIVED OCT 2 4 2013 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, ACE EUROPEAN GROUP LIMITED a/s/o UTECO CONVERTING S.P.A, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333, 28 U.S.C. §1367 and 28 U.S.C. §1332.

## PARTIES

    2.    At all material times, ACE EUROPEAN GROUP LIMITED  (hereinafter "Ace" or "Plaintiff") was and is a corporation with an office and place of business located at 258 Viale

Monza, 20128 Milan, Italy, and is the subrogated underwriter of a consignment of 65 packages of flexiographic central impression drum printing press parts, as described below.

3. At all material times, UTECO CONVERTING S.P.A (hereinafter "Uteco") was and is a corporation with an office and place of business located at Viale del Lavoro, 25, Z.I. 37030 Colognola Ai Colli, Verona, Italy, and is the shipper and owner of a consignment of 65 packages of flexiographic central impression drum printing press parts, as described below.

4. At all material times, defendant, MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. At all material times, defendant, PORTS AMERICA (hereinafter "Ports America" or "Defendant") was and is a corporation with an office and place of business located at 525 Washington Boulevard, Suite 1660, Jersey City, New Jersey 07310 and at all relevant times, was and is still doing business as Operator of the Port Newark Container Terminal (hereinafter "the Terminal" or "PNCT") located at 241 Calcutta Street, Newark, New Jersey 07114.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

7. On or about October 13, 2012, a consignment, consisting of 65 packages of flexiographic central impression drum printing press parts, then being in good order and condition, was laden into containers TCLU7052869, TCLU7093071, MSCU4512660, TRLU6424549, and TRLU9427916, and was delivered to defendants and/or their agents at the

port of La Spezia, Italy, for transportation to the port of New York, New York aboard the MSC MONTEREY in consideration of an agreed upon freight, pursuant to MSC Bill of Lading MSCUL2403271 dated October 16, 2012.

8. On October 27, 2012, the subject consignment arrived at the port of New York and defendant MSC discharged the containers at Port Newark Container Terminal in Newark, New Jersey.

9. On or about October 29, 2012, Hurricane Sandy made landfall and the subject cargo sustained severe water damage due to water infiltration as a result of tidal surge.

10. Despite these clear and present warnings of the impending storm, defendants did not move or otherwise transport the consignment away from the flood risk terminal.

11. As a result, the damaged cargo had to be transported back to Plaintiff's plant in Italy for repairs.

12. The cargo required extensive repair, resulting in a loss presently estimated to be no less than $370,000.

13. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

14. Defendants and/or their agents failed to take all reasonable measures and precautions to prevent damage to the subject cargo in light of the impending, forecasted, and highly publicized storm.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $370,000.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $370,000, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 24, 2013
428-02

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Martin F. Casey
Janine E. Brown
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225